By the Court—Pierrepont, J.
The act incorporating the General Mutual Insurance Company provided that every person' on obtaining a policy and paying the premium became a corporator interested in the premiums paid by all the-other corporators; and in section 6 (Laws of 1841, p. 229), provides that “every per *251 son who shall become a member of this corporation by effecting, insurance therein, shall, the first time he effects insurance and before he receives his policy pay the "rates that shall be fixed upon and decided by the trustees; and no premium so paid shall ever be withdrawn from said Company, but shall be liable to all losses and expenses incurred by this Company during the continuance of its charter.”
Each dealer was therefore a corporator and interested in all the premiums paid by others. The earnings of" the Company were the premiums paid in by all the dealers and the income derived from the investment of these premiums, which was all placed in a common fund, and after paying the annual losses and expenses, á dividend of the balance was declared to each dealer pro rata, according to the earned premiums paid by him.
. It appears by a stipulation or admission found in the case, “that the General Mutual Insurance Company, in making the yearly estimate of[1] net profits, under the provisions of their charter, credited each dealer with such proportion of the net, as the amount of earned premiums received from him was of the whole amount of earned premiums received by the Company during the year, without regard to the fact that the business of such dealer with the Company, for the year, had resulted in a loss to them; and further, that in making such estimate, the premiums and premium notes were in all case's placed and credited to the Company, as earnings, and the return premiums were placed with".the losses and expenses, and deducted therefrom to ascertain the net profits for the year.”
Under this charter, a dealer with this Company might receive a large annual profit though the Company made nothing by dealing with him: for example, the earned premium of A. is $>1,000 and the loss under his policy is $1,000, the Company thus receive no more of A. than they pay him for his losses, and of course nothing is made by the dealing with- him; but the total earned premiums for the year are-$100,000 and the losses are but $10,-000, leaving a surplus of $90,000 of profits. A. is entitled to such part of this $90,000 as the premium he paid bears to $100,000 —that is, A. receives $900 of these profits toward which he has contributed nothing; thus each dealer was interested in the earned premiums of every other dealer, and the corporators were *252 mutual guarantors of each other. In fact, a kind of partnership firm was formed, under an act of incorporation by which each member, being bound to pay his premium, was entitled to profits realized in proportion to his premium paid. Before the notes upon which this action is brought went into the Receiver’s hands, the Company owed the defendants, for loss on the ship Galena, $3,083.45, -which the defendants seek to offset. Ordinarily, if an insurance company holds a person’s note, and at the same time owes the maker for a loss, an offset can be made, and the Receiver stands in no better position than the corporation whose assets he received. But the corporation, in this case, is not like an ordinary chartered company dealing with strangers; the peculiar relations of the corporators towards each other- aré voluntary, and the obligations are mutual, and. it is entirely equitable that each should share losses when they happen in the same proportion' as he was entitled to profits when made, and such is the fair interpretation of -this contract. Each member must pay what he owes the corporation, and each will be entitled to his pro rata dividend of the assets. (Hillier v. Alleghany Co. Mut. Ins. Co., 3 Barr., 470; Long v. Mut. Ins. Co., 6 id., 421; White v. Haight, 16 N. Y., 310; Bangs v. Gray, 2 Kern., 477.)
The policies for which the notes were.given were canceled by written agreement, and it- was stipulated by the defendants that the return premiums were to" be paid ratably out of the assets of the Company when divided, and we see no reason why the defendant should not be held to that agreement.
The judgment should be affirmed,- with costs.